In the Matter of JANES MANUFAC-TURING, INC., Bankrupt.

Thomas W. KORB, Receiver, Plaintiff,

v.

H. I. CONTRACTORS, INC., Defendant.

Bankruptcy No. 78–B–1772.

United States Bankruptcy Court,
E. D. Wisconsin.

July 28, 1981.

Floyd A. Harris, Polacheck & Harris, Milwaukee, Wisc., for Thomas W. Korb, Receiver of Janes Manufacturing, Inc.

John J. Farley, Milwaukee, Wisc., for H. I. Contractors, Inc.

1. It is assumed for the sake of this decision that the liens in question are valid in all other respects.

2. Section 779.01(3)
   (3) EXTENT AND CHARACTER OF LIEN. Every person who performs any work or procures its performance or furnishes any labor or materials or plans or specifications for the

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

Thomas Korb, Receiver of Janes Manufacturing filed this suit to void a pre-Chapter XI mechanic's lien [1] which is claimed on the debtor's foundry at 3915 East American Avenue, Oak Creek, Wisconsin. How this action will be decided depends upon whether the labor and materials supplied to Janes by H. I. Contractors, Inc., were improvements to land within the meaning of § 779.01 Wis.Stat.[2] According to Subsection (2)(c) of § 779.01

(c) "Improve" or "improvement" includes any building, structure, erection, fixture, demolition, alteration, excavation, filling, grading, tiling, planting, clearing or landscaping which is built, erected, made or done on or to land for its permanent benefit. This enumeration is intended as an extension rather than a limitation of the normal meaning and scope of "improve" and "improvement".

When the Wisconsin Supreme Court was called upon to interpret the meaning of the term improvement in *Kallas Millwork Corp. v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1974) it looked to common usage and adopted the following definition from *Webster's, Third International Dictionary* (1965):

[A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs. at 386

Therefore, the groundwork has been laid for determining whether the labor and materials provided to Janes by H. I. Contractors were lienable improvements.

\* \* \* \* \* \*

improvement of land, and who complies with s. 289.02, shall have a lien therefor on all interest in the land belonging to its owners. The lien extends to all contiguous land of the owner, but if the improvement is located wholly on one or more platted lots belonging to the owner, the lien applies only to the lots on which the improvement is located.

According to the testimony and the stipulation filed by the parties, H. I. Contractor's lien arose from Janes' failure to pay five invoices for labor and materials used to repair heat treating furnaces and to install the electrical control system for a leased furnace. They included:

· (1) Invoice Number 4542, in the amount of $2,375.89, covered the repair of a heat-treating furnace which included the removal of brick and slag which had melted into orifices, the installation of new orifices, the installation of new fire-brick and the reassembly of the furnace.

(2) Invoice Number 0801, in the amount of $793.03, covered the repair of the arch on a heat-treating furnace which was damaged when hit by a forklift. The repairs included the replacement of damaged brick with new brick.

(3) Invoice Number 0806, in the amount of $4,557.45, covered sawing and breaking up the existing foundry floor, digging four feet below the existing floor level through the footings, pouring concrete below and above conduit running to two electrical control panels, and installing the electrical control system needed to operate a newly acquired heat-treat furnace which Janes had leased from Inducto Therm Corporation.

(4) Invoice Number 0821, in the amount of $926.06, covered the repair of the arch on a heat-treating furnace which had been hit by a forklift.

(5) The dispute regarding invoice Number 0802, in the amount of $500.00, was settled and withdrawn from the court's consideration.

\* \* \* \* \* \*

█ After applying the foregoing to the facts in this action I find that invoices 4542, 0801, and 0821 were for ordinary repairs which did not constitute improvements within the meaning of § 779.01(2)(c). The labor and materials which were covered by those invoices were designed to return Janes' furnaces to their original conditions so that they would be serviceable. Moreover, they (labor and materials) were not intended to enhance the value of the furnaces or the real estate.

█ I further find that the labor and material billed under invoice 0806 did constitute improvements to land within the meaning of Wisconsin's construction lien law. Excavation, such as that described in invoice 0806 was unquestionably within the meaning of § 779.01(2)(c). Furthermore, when H. I. Contractors cemented electrical conduit into the foundry floor, it permanently enhanced the property, and, thereby enabled Janes to operate an additional industrial furnace. As a result, the real estate could be adapted to new uses, which in turn made the property more valuable.

In view of the foregoing, I hold that H. I. Contractors has a valid lien on the debtor's property at 3925 East American Avenue, Oak Creek, Wisconsin in the amount of $4,557.45 and that any further lien that H. I. Contractors claims on said property is null and void.

It is so Ordered.

